No. 631 November 29, 2023 347

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANASTASIO SOLIS, JR.,
*Defendant-Appellant.*

Umatilla County Circuit Court
20CR63043; A178061

Christopher R. Brauer, Judge.

Submitted August 21, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Hellman, Judge, and Armstrong, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals his judgment of conviction for interference with making a report, ORS 165.572. In his sole assignment of error, defendant contends that there was insufficient evidence to support the verdict. Because defendant's assignment of error is neither preserved nor plain error, we affirm.

Defendant was charged with interference with making a report based on allegations that, during an argument and physical altercation with his wife, defendant pinned her down and attempted to take her cell phone from her as she called 9-1-1. On appeal, defendant presents us with a fully developed statutory interpretation argument as to why ORS 165.572 requires a defendant to interfere with the telephone itself, and, why defendant's conduct here was insufficient to establish criminal liability under that interpretation of the statute. Defendant did not make that argument below. Instead, at the close of the state's case, defendant made a general motion for judgment of acquittal, arguing only that the state "failed to show *** beyond a reasonable doubt that any interference with making a report occurred." Defendant's general motion for judgment of acquittal did not specify any theory as to why the state's evidence was insufficient. Therefore, it did not preserve the argument that he raises on appeal. *See State v. Schodrow*, 187 Or App 224, 231 n 5, 66 P3d 547 (2003) (so concluding).

In addition, because resolving the insufficiency question would require us to address competing inferences in the record, defendant's argument does not meet the standard for plain error review. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (requiring "an error of law, obvious and not reasonably in dispute, and apparent on the record *without requiring the court to choose among competing inferences*" to qualify as plain error (emphasis added)).

Affirmed.